UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20258-ALTONAGA

UNITED STATES OF AMERICA,

vs.

LIVAN VALDES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CHANGE OF PLEA**

THIS CAUSE is before the Court following an Order of Referral from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Livan Valdes ("Defendant"). [ECF No. 10]. Based upon the change of plea hearing conducted on July 14, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the

District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3. Defendant pled guilty to Counts 1 and 2 of the Information filed in this case, which charge him with violation of Title 21, United States Code, Sections 841(a)(1) and 846 (Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or More of Cocaine), and with violation of Title 21, United States Code, Section 841 (Possession with Intent to Distribute Five (5) Kilograms or More of Cocaine). I advised Defendant that the maximum penalty the Court may impose as to each count is a sentence of life imprisonment. I further advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to $10,000,000 in addition to a mandatory special assessment of $100 as to each count, which is due at the time of sentencing. I also advised Defendant of the statutory minimum mandatory penalty of ten (10) years' imprisonment as to each count. Defendant acknowledged that he understood the possible penalties, including the minimum and maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged. The Government's proffer, signed by counsel for the Government and Defendant, was filed with the Court. [ECF No. 12]

5. The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. [ECF No. 13]. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Counts 1 and 2 of the Information, and the Government agrees to seek dismissal of the remaining counts, Counts 3 and 4, at the time of sentencing; the parties agree the Government will recommend a two-level reduction in Defendant's base offense level based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility; and the Government agrees that if at the time of sentencing Defendant's offense level is determined to be sixteen or greater, the Government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The Government will not be required to make these motions or recommendations unless Defendant fully cooperates with the probation office and does not commit any misconduct after entering into the plea agreement, or if Defendant is found to have misrepresented facts to the Government prior to entering into the plea agreement. The parties also agree to jointly recommend the following regarding Defendant's applicable Guidelines Sentence:

  a. <u>Controlled Substance and Quantity</u>: that pursuant to Section 2D1.1(a) and (c) of the Sentencing Guidelines, the amount of cocaine involved in the offenses and for which Defendant is accountable is more than fifty (50) kilograms but less than one hundred and fifty (150) kilograms; and

  b. <u>Recommended Sentence</u>: that the Court impose a sentence of one hundred and twenty (120) months' imprisonment.

6. Defendant acknowledged that he agreed to forfeit any right, title, and interest to all property, real or personal, which constitutes or is derived from proceeds obtained

3

directly or indirectly as the result of the offenses alleged in Counts 1 and 2 of the Information, and any property used or intended to be used in any manner to facilitate the commission of such violation, pursuant to Title 21, United States Code, Section 853(p). The property subject to forfeiture includes, but is not limited to:

> (i) one (1) 34-foot SeeVee boat, Vessel Registration Number FL6629MC, Vehicle Identification Number SXJ00717J203;
>
> (ii) one (1) 2020 Ford F250 truck, Vehicle Identification Number 1FT8W2BT7LEE84132; and
>
> (iii) one (1) Continental boat trailer, Vehicle Identification Number 1ZJBB3536DM079064.

Defendant advised the Court that he had already turned over the assets identified above to the Government. Defendant agreed he will cooperate fully with the Government in the identification of additional assets, if any, subject to forfeiture. Defendant acknowledged that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court. Defendant waived all defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. The undersigned finds that Defendant's waiver of the defenses under the Eighth Amendment was knowing and voluntary.

7. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

Defendant acknowledged and agreed that in exchange for the undertakings made by the Government in the plea agreement, Defendant waived all rights to appeal the sentence imposed in this case under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of appellate rights. Defendant acknowledged that he has discussed the appeal waiver set forth in the plea agreement with his attorney. Defendant further waived all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which Defendant is pleading are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction. The undersigned finds that Defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

8. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

9. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

10. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 of the Information filed in this

case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

11. For the reasons stated on the record and upon the agreement of the parties, the undersigned allowed Defendant to remain on bond subject to the same conditions already imposed until the date of his sentencing.

12. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing before Judge Altonaga is set for October 3, 2023, at 8:30 AM. [ECF No. 14].

13. The Government shall prepare a preliminary forfeiture order and shall provide it to Defendant prior to filing with the Court.

14. As set forth on the record and agreed by the parties, the parties will have seven (7) calendar days from the date of this Report to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 17th day of July, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga
Counsel of Record